UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD SCHMIDT, Trustee § | | |
| § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| MARK NORDLICHT, DAVID LEVY, § | REMOVED FROM THE DISTRICT | |
| DANIEL SMALL, SAMUEL SALFATI, § | COURT OF HARRIS COUNTY, | |
| JEFF SHULSE, STEVEN FUERST, § | 129th JUDICIAL DISTRICT | |
| ANNA MARIZZA PICHÉ and § | CAUSE NO. 2016-76291 | |
| JOHN P. BOYLAN § | | |
| § | | |
| *Defendants* § | | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Marizza Piché files this Notice of Removal pursuant to 28 U.S.C. §§ 1334 and 1452, Bankruptcy Rule 9027, and Bankruptcy Local Rule 9027-1, and in support thereof shows the following:

### Introduction

1. The removed case is:

    Richard Schmidt, Trustee v. Mark Nordlicht, David Levy, Daniel Small, Samuel Salfati, Jeff Shulse, Steven Fuerst, Anna Marizza Piché, and John P. Boylan, Case No. 2016-76291 in the District Court of Harris County, Texas, 129th Judicial District.

The plaintiff ("Schmidt") in the removed case is the Trustee of the Black Elk Litigation Trust as established in the chapter 11 bankruptcy case styled "In re Black Elk Energy Offshore Operations, LLC, Bankruptcy Case No. 15-34287, currently pending before Judge Marvin Isgur in the United States Bankruptcy Court for the Southern District of Texas, Houston Division ("Bankruptcy Case"). Schmidt has also brought an adversary proceeding, involving essentially the same alleged facts, in the Bankruptcy Case. That adversary proceeding is styled "Adversary

No. 16-03237, Richard Schmidt, Litigation Trustee, vs. Platinum Partners Value Arbitrage Fund LP, Platinum Partners Credit Opportunities Master Fund LP, Platinum Partners Liquid Opportunities Master Fund LP, and PPVA Black Elk (Equity) LLC".

2. In accordance with Bankruptcy Local Rule 9027-1, a list of the parties in the removed case and their addresses is attached as **Exhibit A**, and a copy of all papers filed to date in the removed case are attached as **Exhibit B.** In accordance with Bankruptcy Rule 9027, the names, addresses and contact information of all counsel in the removed case appear in the Certificate of Service found below. Since none of the other defendants in the removed case has yet appeared or answered, there are as yet no counsel of record in that case other than counsel for the Plaintiff (listed below).

3. Citation in the removed case was served on Marizza Piché on November 15, 2016. This Notice of Removal is timely filed under Bankruptcy Rule 9027.

## Basis for Removal

4. On August 11, 2015, creditors of Black Elk Energy Offshore Operations, LLC ("Black Elk") filed an involuntary bankruptcy case that invoked Chapter 7 of Title 11 of the United States Code (hereafter "Bankruptcy Code"). That case was brought in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. That case was later converted to one under Chapter 11 of Title 11 and bears the Case No. 15-34287 (MI). On July 14, 2016, the Bankruptcy Court entered an Order Confirming Third Amended Plan of Liquidation Under Chapter 11 of the Bankruptcy Code ("Confirmation Order"). The Plan and its Confirmation Order, among other things, authorized the formation of a Litigation Trust that was to receive Litigation Trust Assets from the Debtor, consisting of litigation claims against third parties, to endeavor to recover on those claims and to distribute the proceeds of such recoveries in accordance with the terms of the Plan and of the Litigation Trust Agreement. The

Beneficiaries of the Litigation Trust Agreement consist primarily of creditors of Black Elk's estate, and the recoveries made by the Litigation Trust for those creditors are a material aspect of their treatment under the Plan. Richard Schmidt was subsequently appointed to serve as Litigation Trustee, and he carries the responsibilities and authority granted to him under the Plan and the Litigation Trust Agreement.  He is acting on that authority in filing both the Adversary Proceeding No. 16-03237 and the State Court case which is the subject of this removal.

5. Schmidt filed Adversary Proceeding No. 16-03237 against a host of defendants on October 26, 2016.  A copy of the Original Complaint in the Adversary Proceeding is attached as **Exhibit C**.  The factual allegations in that Adversary Proceeding substantially overlap those in the case Schmidt has filed in State Court. The Original Petition and Request for Disclosures Schmidt has filed in the state court case as compared to Original Complaint in the adversary Proceeding reveals that Schmidt is seeking to recover virtually identical alleged damages in both cases, albeit from entity defendants in the Adversary Proceeding and individual defendants in the state court case.  If recovered, those damages would be distributable to creditors of Black Elk's bankruptcy estate under the provisions of the Plan and the Litigation Trust Agreement (which is authorized pursuant to the terms of the Plan).

6. Removal is proper under 28 U.S.C. §§ 1334(b) and 1452(a) because the removed case is a civil action that is related to a case under title 11.

7. A civil action is "related to" a bankruptcy case if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Matter of Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis in original), citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984), *overruled on other grounds by, Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-135 (1995).  More specifically, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either

positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Matter of Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988), citing *Pacor*, 743 F.2d at 995.

8. Schmidt derives his status and authority to sue from Black Elk's Plan and Confirmation Order. The claims on which Schmidt has sued and the recovery he seeks are dedicated to effectuate the terms of the Plan relative to satisfaction of claims of creditors against the Debtor's Estate. In short, the relief Schmidt is seeking in the Adversary Proceeding and in his State Court case is virtually identical. All such potential recoveries are governed by Black Elk's Plan and Confirmation Order and the Litigation Trust Agreement that the Plan and Confirmation Order authorized. Therefore, the removed case relates to Black Elk's bankruptcy case, because its outcome either positively or negatively impacts distributions to creditors of Black Elk's bankruptcy estate pursuant to the terms of its Plan and Confirmation Order.

## **Conclusion**

9. For the foregoing reason, Defendant requests that this Court assume jurisdiction, and either (a) refer the removed case to the United States Bankruptcy Court for the Southern District of Texas, Houston Division for it to make recommendations back to the District Court or (b) withdraw any such reference to its own docket. The Defendant also requests that she be awarded all other and further relief, at law and in equity, to which she may be justly entitled.

10. Upon removal, this case may be a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (F) or (O), but it may be found to be a non-core proceeding. Defendant consents to entry of final orders or judgment by the Bankruptcy Judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

                                        Respectfully submitted,

                                         */s/ Kenneth R. Wynne*
                                        Kenneth R. Wynne
                                        Attorney-in-charge
                                        WYNNE & WYNNE LLP
                                        Texas Bar No. 22110000
                                        Federal Bar No. 837
                                        1021 Main Street, Suite 1275
                                        One City Centre
                                        Houston, TX 77002
                                        713-227-8835 (Telephone)
                                        713-227-6205 (Facsimile)
                                        kwynne@wynne-law.com

Of Counsel:

WYNNE & WYNNE LLP
David E. Wynne
Texas Bar No. 24047150
Federal Bar No. 566468
1021 Main Street, Suite 1275
One City Centre
Houston, TX 77002
713-227-8835 (Telephone)
713-227-6205 (Facsimile)
dwynne@wynne-law.com

**ATTORNEYS FOR DEFENDANT, ANNA MARIZZA PICHÉ**

**CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing has been served on all counsel listed below either electronically through the Court's filing system, direct e-mail or facsimile on this the 9th day of December, 2016.

Craig Smyser
Jeff Potts
Justin Waggoner
SMYSER KAPLAN & VESELKA, L.L.P.
700 Louisiana, Suite 2300
Houston TX 77002
713-221-2300
713-221-2320 (fax)

Matthew Okin
David Curry, Jr.
OKIN ADAMS LLP
1113 Vine Street, Suite 201
Houston TX 77002
713-228-4100
888-865-2118 (fax)

                                                   */s/ Kenneth R. Wynne*
                                                   Kenneth R. Wynne