# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD SCHMIDT, Trustee, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 16-03614 |
| | § | |
| MARK NORDLICHT, DAVID LEVY, | § | |
| DANIEL SMALL, SAMUEL SALFATI, | § | |
| JEFF SHULSE, STEVEN FUERST, ANNA | § | |
| MARIZZA PICHE, and JOHN P. BOYLAN, | § | |
| | § | |
| Defendants. | § | |

## MOTION FOR REMAND

612138.2

## TABLE OF CONTENTS

BACKGROUND ...................................................................................................................... 2

    1.    Factual Summary ................................................................................................ 1

    2.    Black Elk Bankruptcy Proceedings ................................................................. 2

    3.    The State Court Action ....................................................................................... 3

    4.    Removal Proceedings ......................................................................................... 3

ARGUMENT ........................................................................................................................ 3

    1.    **Because this Court lacks subject-matter jurisdiction over the removed action, this Court should remand the action to state court.** ................... 3

    2.    **This case is subject to mandatory remand under 28 U.S.C. § 1334(c)(2).** ...................................................................................... 7

    3.    **Even if this Court concludes that it possesses jurisdiction and that mandatory abstention does not apply, this Court should permissibly abstain from hearing this action under 28 U.S.C. § 1334(c)(1).** .......... 11

    4.    **Piche removed this action without obtaining the consent of the other defendants.** ............................................................................ 17

CONCLUSION ..................................................................................................................... 19

CERTIFICATE OF CONFERENCE ........................................................................................ 20

CERTIFICATE OF SERVICE ............................................................................................... 20

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Nissan Motor Acceptance Corp.*,
    326 F. Supp. 2d 760 (S.D. Miss. 2003)...........................................................................13, 15

*CMH, Inc. v. Canal Place Mgmt.*,
    1993 WL 70252 (E.D. La. Mar. 10, 1993) ...........................................................................18

*Colvin v. Amegy Mortg. Co., L.L.C.*,
    507 B.R. 169 (W.D. Tex. 2014)...........................................................................................6

*Hills v. Hernandez*,
    1998 WL 241518 (E.D.La. May 12, 1998)...........................................................................18

*In re BP RE, L.P.*,
    735 F.3d 279 (5th Cir. 2013) ...............................................................................................17

*In re Craig's Stores of Texas, Inc.*,
    266 F.3d 388 (5th Cir. 2001) ...................................................................................4, 5, 6, 7

*In re Enron Corp.*,
    296 B.R. 505 (C.D. Cal. 2003) ...........................................................................................16

*In re Enron Corp. Securities*,
    535 F.3d 325 (5th Cir. 2008) ...........................................................................................5, 7

*In re Guerrero*,
    12-35341, 2013 WL 6834642 (Bankr. S.D. Tex. Dec. 20, 2013)...........................................18

*In re The Heritage Org., L.L.C.*,
    454 B.R. 353 (Bankr. N.D. Tex. 2011)..................................................................................5

*In re Houston Reg'l Sports Network, L.P.*,
    514 B.R. 211 (Bankr. S.D. Tex. 2014) ...............................................................13, 14, 16

*In re Lutfak*,
    536 B.R. 765 (Bankr. S.D. Tex. 2015) ...........................................................................7, 8

*In re Montalvo*,
    559 B.R. 825 (Bankr. S.D. Tex. 2016) ..................................................................... passim

*In re Mugica*,
    362 B.R. 782 (Bankr. S.D. Tex. 2007) ...............................................................................4

*In re Neel*,
  554 B.R. 241 (Bankr. D. Or. 2016)..............................................................17

*In re Petroleum Products & Services, Inc.*,
  2016 WL 6246819 (Bankr. S.D. Tex. Oct. 25, 2016).................................9

*In re SBMC Healthcare, LLC*,
  519 B.R. 172 (Bankr. S.D. Tex. 2014) ......................................................13

*In re Southmark Corp.*,
  163 F.3d 925 (5th Cir. 1999) ......................................................................8

*In re Superior Air Parts, Inc.*,
  516 B.R. 85 (Bankr. N.D. Tex. 2014)......................................................4, 5

*In re: Upd Glob. Res., Inc.*,
  2016 WL 3964362 (S.D. Tex. July 21, 2016)......................................4, 5, 6

*J.T. Thorpe Co. v. Am. Motorists*,
  2003 WL 23323005 (S.D. Tex. June 9, 2003) ................................... passim

*Levine v. M & A Custom Home Builder & Developer, LLC*,
  400 B.R. 200 (S.D. Tex. 2008) ..................................................................17

*Marshall v. Air Liquide—Big Three, Inc.*, 2007 WL 275898 (E.D. La. Jan. 24, 2007) ...............18

*Orion Ref. Corp. v. Fluor Enterprises, Inc.*,
  319 B.R. 480 (E.D.La.2004) .................................................................17, 18

*Pelican Ref. Co. L.L.C. v. Adams & Reese, LLP*,
  2007 WL 1306808 (S.D. Tex. May 3, 2007).............................................5, 6, 7

*Placid Oil Co. v. C.C. Abbitt Farms, LLC*,
  2016 WL 6778384 (N.D. Tex. Nov. 14, 2016)...........................................12

*Post Office Employees' Credit Union v. Lawyers Title Ins. Corp.*,
  2010 WL 2836163 (E.D. La. Jul. 16, 2010) ..............................................18

*Special Value Continuation Partners, L.P. v. Jones*,
  2011 WL 5593058 (Bankr. S.D. Tex. Nov. 10, 2011)...........................14, 17

*Whitney Nat'l Bank v. Bunch*,
  2001 WL 87443 (E.D. La. Jan.30, 2001)...................................................18

**STATUTES**

28 U.S.C. § 157............................................................................................9

28 U.S.C. § 1334(b) ............................................................................. passim

iii

28 U.S.C. § 1334(c)(1) .................................................................................1, 11, 12, 17

28 U.S.C. § 1334(c)(2) .........................................................................................1, 7, 8

28 U.S.C. § 1446 ......................................................................................................18

28 U.S.C. § 1447(c) ...................................................................................................8

28 U.S.C. § 1452 ...................................................................................1, 3, 17, 18

OTHER AUTHORITIES

Federal Judicial Vacancies, Houston Chronicle, Dec. 20, 2016,
http://www.houstonchronicle.com/news/houston-texas/houston/article/Texas-leads-
nation-in-federal-judicial-vacancies-10810025.php .........................................11, 15

Federal Court Management Statistics—Profiles http://onyourballot.vote411.org/race-
detail.do?id=14133001 .........................................................................................11

Federal Court Management Statistics—Profiles,
http://www.uscourts.gov/sites/default/files/
data_tables/fcms_na_distprofile0930.2016.pdf, at 36 (last visited Jan. 5, 2017) ...................11

Rules of the Civil Trial Division, Harris County District Courts, *available at*
https://www.justex.net/courts/civil/LocalRules.aspx ................................................10

Richard Schmidt, the Trustee of the Black Elk Litigation Trust, filed a petition against eight individual defendants in Texas state court asserting solely state-law claims.  The Trustee filed the state-court action after Black Elk Energy Offshore Operations, LLC's Chapter 11 bankruptcy proceedings were substantially completed, and after the bankruptcy court approved Black Elk's amended liquidation plan.  One of the defendants in the state-court suit—Anna Marizza Piche—removed the action to federal court under 28 U.S.C. § 1452.  Piche asserts 28 U.S.C. § 1334(b) as the sole basis for this Court's subject-matter jurisdiction.  This Court should remand this case to state court for at least the following reasons:

- This Court lacks subject-matter jurisdiction over the removed action because the Trustee's state-law claims—filed after confirmation of Black Elk's liquidation plan— do not affect the implementation and execution of that plan;

- 28 U.S.C. § 1334(c)(2) compels abstention and remand where, as here, § 1334(b) provides the sole basis for subject-matter jurisdiction and the removed claims are premised on state law, are non-core, and can be timely adjudicated in state court;

- Even if this Court concludes that mandatory abstention does not apply, this Court should permissibly abstain from hearing this action under 28 U.S.C. § 1334(c)(1) or order equitable remand under § 1452(b) because the factors governing permissive abstention and equitable remand weigh predominantly in favor of abstention and remand; and

- Piche removed this action without obtaining the consent of the other defendants.

BACKGROUND[1]

## 1.    Factual Summary

This case arises out of gross negligence, breaches of fiduciary duty, fraud and breaches of an operating agreement by the hedge fund investors, managers and officers of now bankrupt Black Elk Energy Offshore Operations, LLC ("Black Elk" or the "Debtor").

---

[1] Because the factual and procedural history of this case is complex and is set forth in detail in Plaintiff's Original Petition and Request for Disclosure, (Docket Entry No. 1-2), only a brief summary of the relevant history is provided.

In 2009, a group of hedge funds under the general umbrella of Platinum Partners, LP ("Platinum")—primarily controlled and directed by defendants Nordlicht, Small, and Levy—began investing in Black Elk, a Houston-based oil and gas company.  That investment initially appeared very successful.

On November 16, 2012, an explosion and fire occurred on an offshore Black Elk platform, and three workers died.  Both because of that explosion and deteriorating investment and market conditions, Black Elk's business began to suffer and decline.  By early 2014, Black Elk was effectively insolvent, and a year later would be forced into involuntary Chapter 11 bankruptcy proceedings.

Also by early 2014, Platinum dominated and controlled Black Elk—being its majority and by far largest investor—and faced the prospect of losing more than $100 million in the impending demise of Black Elk.  To ameliorate that loss, Platinum devised several schemes to divert money to itself ahead of Black Elk's secured creditors and trade creditors.  Platinum's fraudulent schemes, and the actions of the individual defendants which allowed Platinum to perpetrate them, ultimately led to Black Elk's collapse.

### 2.     Black Elk Bankruptcy Proceedings

On August 11, 2015, three petitioning creditors filed an involuntary bankruptcy petition against Black Elk under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.  On August 31, 2015, the Debtor filed its Consent to the Order for Relief and filed its Motion to Convert the Involuntary Chapter 7 Case to a Voluntary Chapter 11 Case.  On September 1, 2015, the Court entered the Order for Relief and entered an order granting the Debtor's Motion to Convert.  The Debtor initially operated its business as a debtor-in-possession pursuant to sections 1107 and 1008 of the Bankruptcy Code.

2

On June 20, 2016, the Debtor filed its Third Amended Plan of Liquidation of Black Elk Energy Offshore Operations, LLC under Chapter 11 of the Bankruptcy Code.  On July 14, 2016, the Court entered an Order confirming the Third Amended Plan under Chapter 11 of the Bankruptcy Code.  Pursuant to the Third Amended Plan, Richard Schmidt, Plaintiff herein, was appointed and approved to serve as the Litigation Trustee (the "Trustee").

### 3.	The State Court Action

On November 3, 2016, the Trustee filed an Original Petition and Request for Disclosure (the "Original Petition") in the 129th District Court of Harris County against various hedge fund investors, managers (directors) and officers of Black Elk (the "Lawsuit").  The Lawsuit asserts claims under Texas state law for negligence, gross negligence, breaches of fiduciary duty, fraud and breaches of Black Elk's operating agreement and seeks to recover more than $100 million for the benefit of Black Elk's defrauded creditors.

### 4.	Removal Proceedings

On December 9, 2016, defendant Anna Marizza Piche removed the Lawsuit to the United States District Court for the Southern District of Texas under 28 U.S.C. § 1452.  (Docket Entry No. 1 at 1.)  In her notice of removal, Piche asserts "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b) as the sole basis for this Court's subject-matter jurisdiction.  Piche removed this action before the defendants' answer deadline, and thus before the state court could enter a docket control order.

### ARGUMENT

### 1.	Because this Court lacks subject-matter jurisdiction over the removed action, this Court should remand the action to state court.

As a general rule, federal courts have subject-matter jurisdiction over actions "related to cases under title 11."  28 U.S.C. § 1334(b).  "The Fifth Circuit has stated that a matter is related

3

to a case under title 11 if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *In re Mugica*, 362 B.R. 782, 788 (Bankr. S.D. Tex. 2007) (citation omitted).   But the Fifth Circuit has also cautioned that "related to" bankruptcy jurisdiction does not last forever.  Specifically, "[t]he more persuasive theory of post-confirmation jurisdiction . . . attaches critical significance to the debtor's emergence from bankruptcy protection." *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001). "After a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan.  No longer is expansive bankruptcy court jurisdiction required to facilitate 'administration' of the debtor's estate, for there is no estate left to reorganize." *Id.* (citations omitted).  *See also In re Superior Air Parts, Inc.*, 516 B.R. 85, 95 (Bankr. N.D. Tex. 2014) ("In the post-confirmation context, however, a court's related to jurisdiction is significantly less than it is in the pre-confirmation context because there is no longer a bankruptcy estate to administer.").

Further Fifth Circuit cases have both reaffirmed and refined the holding in *Craig's Stores*.  Judge Lake recently explained:

> In *In re Enron Corp. Securities*, 535 F.3d 325, 335 (5th Cir. 2008), the Fifth Circuit identified three factors as critical to the holding in *Craig's Stores* that post-confirmation bankruptcy jurisdiction did not exist because the matters at issue did not pertain to the implementation or execution of the confirmed plan.  First, the claims at issue "principally dealt with post-confirmation relations between the parties." *Id.*  Second, "[t]here was no antagonism or claim pending between the parties as of the date of the reorganization." *Id.*  And third, "no facts or law deriving from the reorganization or the plan [were] necessary to the claim." *Id.*

*In re: Upd Glob. Res., Inc.*, 2016 WL 3964362, at *8 (S.D. Tex. July 21, 2016).

4

On balance, the three factors the Fifth Circuit articulated in *In re Enron* support remand of this case to state court. "The first factor is whether the claims principally dealt with pre– or post-confirmation relations between the parties." *Id.* at *9. The Trustee's state-law claims against the eight defendants are based on the defendants' pre-confirmation conduct. Though the first *In re Enron* factor thus weighs in favor of the existence of subject-matter jurisdiction, this factor is not determinative, and is outweighed by the remaining two factors. *See, e.g., In re The Heritage Org., L.L.C.*, 454 B.R. 353, 366 (Bankr. N.D. Tex. 2011) (applying *Craig's Stores* and holding that the Court lacked subject-matter jurisdiction even though "some (but not all) of the challenged transfers took place pre-confirmation"); *Pelican Ref. Co. L.L.C. v. Adams & Reese, LLP*, 2007 WL 1306808, at *2 (S.D. Tex. May 3, 2007) ("Defendants make much of the fact that the alleged misrepresentations took place before the date of reorganization, but this fact alone does not support the existence of jurisdiction.").

 "The second factor is whether there was no antagonism or claim pending between the parties as of the date of the reorganization." *In re: Upd Glob. Res., Inc.*, 2016 WL 3964362, at *10 (alterations and internal quotation marks omitted). Here, the Bankruptcy Court confirmed Black Elk's third amended liquidation plan on July 14, 2016. At that time, there was no claim or antagonism pending between the Trustee and the eight defendants in this action. The Trustee did not file its petition against the eight defendants until November 3, 2016. Accordingly, the second factor weighs against the existence of post-confirmation subject-matter jurisdiction. *See, e.g., id.* ("While PBC objected to confirmation of UPD's plan of reorganization, PBC's objection was resolved by UPD and PBC before the Plan's confirmation. Therefore, there was no antagonism and there were no claims pending between UPD and PBC as of the date of reorganization."); *In re Superior Air Parts, Inc.*, 516 B.R. 85, 98 (Bankr. N.D. Tex. 2014) ("As

for the second factor, whether there was a claim pending as of the date of reorganization, Superior did not demand a return of its alleged property until late April 2013, some forty-two (42) months after confirmation.   Clearly, this claim was not pending at the time of the reorganization proceeding.").

"The third factor is whether no facts or law deriving from the reorganization or the plan are necessary to the claim."   *In re: Upd Glob. Res., Inc.*, 2016 WL 3964362, at *11 (alterations and internal quotation marks omitted).   The Trustee's claims against the eight defendants derive from the defendants' conduct and state law imposing liability for that conduct; nothing in Black Elk's liquidation plan is necessary to the claims.   Accordingly, the third factor weighs against the existence of post-confirmation subject-matter jurisdiction.   *See, e.g., In re Craig's Stores*, 266 F.3d at 391 ("The fact that the account management contract existed throughout the reorganization and was, by implication, assumed as part of the plan is of no special significance. And even if such circumstances might bear on post-confirmation bankruptcy court jurisdiction, no facts or law deriving from the reorganization or the plan was necessary to the claim asserted by Craig's against the Bank."); *Colvin v. Amegy Mortg. Co., L.L.C.*, 507 B.R. 169, 180 (W.D. Tex. 2014) ("Much like Craig's breach-of-contract claim, Colvin's easement claim did not implicate the interpretation or execution of his Chapter 12 Plan of Reorganization. Instead, this was a state-law claim entirely independent of Colvin's reorganization plan—indeed, it was entirely independent of Colvin's bankruptcy."); *Pelican Ref. Co. L.L.C. v. Adams & Reese, LLP*, 2007 WL 1306808, at *2 (S.D. Tex. May 3, 2007) ("Furthermore, state law, rather than bankruptcy law, will determine the outcome of this dispute. '[N]o facts or law deriving from the reorganization or the plan [is] necessary to the claim[s]' asserted by plaintiff against defendants." (citation omitted)).

6

The three *In re Enron* factors weigh against the existence of subject-matter jurisdiction and favor remand.  Though the first factor weighs against remand, it is not determinative, and is outweighed by the second and third factors.  Because this case was commenced after the Bankruptcy Court confirmed Black Elk's liquidation plan, and because it does not pertain to the implementation or execution of that plan, this Court lacks subject-matter jurisdiction over the Trustee's action.  *See In re Craig's Stores*, 266 F.3d at 391 ("Finally, while Craig's insists that the status of its contract with the Bank will affect its distribution to creditors under the plan, the same could be said of any other post-confirmation contractual relations in which Craig's is engaged.  In sum, the state law causes of action asserted by Craig's against the Bank do not bear on the interpretation or execution of the debtor's plan and therefore do not fall within the bankruptcy court's post-confirmation jurisdiction."); *Pelican Ref. Co. L.L.C. v. Adams & Reese, LLP*, 2007 WL 1306808, at *3 (S.D. Tex. May 3, 2007) ("Defendants assert that litigation of plaintiff's claims 'by implication directly affect[s] the amount of funds available for distribution to [debtor's] creditors.'  However, plaintiff does not attempt to set aside the sale, attack the validity of the confirmed plan, or seek return of any money from [the debtor].  It merely seeks damages from third parties. Accordingly, the court concludes that this proceeding will not impact compliance with or the completion of the confirmed plan, nor will it affect the rights or responsibilities created by the plan.").

## 2.    This case is subject to mandatory remand under 28 U.S.C. § 1334(c)(2).

Under 28 U.S.C. § 1334(b), district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  "The broad grant of jurisdiction contained in § 1334(b) is tempered by abstention principles"—both mandatory abstention and permissive abstention—"applicable to certain state-law claims."  *In re*

*Lutfak*, 536 B.R. 765, 769 (Bankr. S.D. Tex. 2015).   Section 1334(c)(2)—which codifies

mandatory abstention—provides:

> Upon timely motion of a party in a proceeding based upon a State
> law claim or State law cause of action, related to a case under title
> 11 but not arising under title 11 or arising in a case under title 11,
> with respect to which an action could not have been commenced in
> a court of the United States absent jurisdiction under this section,
> the district court *shall abstain* from hearing such proceeding if an
> action is commenced, and can be timely adjudicated, in a State
> forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added).   Thus, a district court *must* abstain from hearing

claims (and, if applicable, remand claims to state court) when: (1) a party makes a timely motion

for abstention or remand, (2) the claims are premised on state law, (3) the claims are non-core,

(4) the claims have no independent basis for federal jurisdiction other than § 1334(b), (5) an

action has been commenced in state court, and (6) the action can be timely adjudicated in state

court.   *In re Lutfak*, 536 B.R. at 769; *In re Montalvo*, 559 B.R. 825, 841 (Bankr. S.D. Tex. 2016).

When invoked in the context of a motion to remand an action removed from state court, §

1334(c)(2) operates as a mandatory remand provision if its requirements are met.   *In re*

*Southmark Corp.*, 163 F.3d 925, 929 (5th Cir. 1999).

Here, § 1334(c)(2)'s requirements are met.   First, the Trustee's motion to remand is

timely.   Piche removed this case on December 9, 2016.   Under 28 U.S.C. § 1447(c), "[a] motion

to remand the case on the basis of any defect other than lack of subject-matter jurisdiction must

be made within 30 days after the filing of the notice of removal."   The Trustee moved to remand

on January 6, 2017, within the 30-day statutory limit.   *See J.T. Thorpe Co. v. Am. Motorists*,

2003 WL 23323005, at *4 (S.D. Tex. June 9, 2003) (holding that a mandatory abstention motion

to remand filed within 30 days of removal was timely).

Second, there is no dispute that the Trustee's claims are premised on state law.  *See* Docket Entry No. 1-2, at 33-37 (asserting state law causes of action for negligence, gross negligence, breach of fiduciary duty, and fraud); *J.T. Thorpe Co.*, 2003 WL 23323005, at *2 ("The Plaintiffs' complaint only asserts rights under Texas law.  Thus, the second element is present.").

Third, the Trustee's state-court proceeding asserts non-core claims against the eight defendants.  "A proceeding is core under 28 U.S.C. § 157 'if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'"  *In re Petroleum Products & Services, Inc.*, 2016 WL 6246819, at *2 (Bankr. S.D. Tex. Oct. 25, 2016) (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).  "A claim based on state created rights, which could have proceeded in state court had there been no bankruptcy, is likely not core."  *Id.*  Here, the Trustee's claims "do not invoke a substantive right provided by Title 11 nor are they of a nature that could only arise in a bankruptcy case— they are simply state [negligence, gross negligence, breach of fiduciary duty, and fraud] claims." *Id.*  Because those claims do not depend on the bankruptcy laws for their existence, they are non-core claims.  *See id.* ("A state contract claim that does not depend on the bankruptcy laws for its existence is not a core proceeding.").

Fourth, the Trustee's claims have no independent basis for federal subject-matter jurisdiction other than 28 U.S.C. § 1334(b).  The Trustee does not assert any claims arising under federal law against the defendants.  Rather, all of the claims arise under state law, and there is no complete diversity of citizenship between the parties.  (*See* Docket Entry No. 1-2, at ¶¶ 24, 26-27 (alleging that three of the eight defendants are—like the plaintiff—Texas citizens); Docket Entry No. 1, at 3 (asserting 28 U.S.C. § 1334(b) as the sole basis of federal subject-matter

jurisdiction).)  Accordingly, § 1334(c)(2)'s fourth requirement is met.  *See In re Montalvo*, 559 B.R. at 841 ("In this case, there is no federal subject matter jurisdiction over Montalvo's ten causes of action because these claims are rooted purely in Texas state law and not federal law and there is no diversity of citizenship here.  Montalvo's causes of action, as they predated his's bankruptcy, are not stated as causes of action arising under the Bankruptcy Code.  Thus, Vela has met the fourth factor."); *J.T. Thorpe Co.*, 2003 WL 23323005, at *4 ("The only basis for federal jurisdiction asserted in [the] Notice of Removal was "related to" jurisdiction under § 1334(b). . . .  Therefore, regardless of whether . . . interim developments . . . have given rise to new grounds for federal jurisdiction, this action could not have been removed to federal court at the time it was removed absent jurisdiction under § 1334.  Accordingly, the fourth requirement for mandatory abstention exists in this case.").

Fifth, there is not dispute that the Trustee has commenced an action in state court.  Piche has attached a copy of the Trustee's state-court petition to her notice of removal.  (Docket Entry No. 1-2.)

And sixth, the Trustee's action can be timely adjudicated in state court.  "The standard to determine whether there can be timely adjudication requires only that the movant show that the matter can be timely adjudicated, not that it will be more timely adjudicated," and "is a relatively low hurdle."  *In re Montalvo*, 559 B.R. at 841 (citation omitted).  Here, the record evidence establishes that the Trustee's claims can be timely adjudicated in state court.  The Harris County local rules provide that "the rules shall be applied to ensure that, so far as reasonably possible, all [civil] matters are brought to trial or final disposition . . . within 18 months from appearance date."  *See* Rules of the Civil Trial Division, Harris County District Courts, *available at* https://www.justex.net/courts/civil/LocalRules.aspx.  By contrast, the median time from filing to

trial of a civil case in the Southern District of Texas is 23.1 months[2] and, according to a recent Houston Chronicle article, Texas "has accumulated more empty seats on the federal bench than any other region."  *See* Ex. 2, Gabrielle Banks, Texas Leads Nation in Federal Judicial Vacancies, Houston Chronicle, Dec. 20, 2016, http://www.houstonchronicle.com/news/houston-texas/houston/article/Texas-leads-nation-in-federal-judicial-vacancies-10810025.php    (quoting the Chief Judge of the Southern District of Texas as stating "[m]ost of us are working our judicial tails off").  Moreover, the Trustee's state-court petition was assigned to Judge Michael Gomez in the 129th Civil Court.  Though this case was removed before Judge Gomez could enter a docket control order, Judge Gomez's docket control orders generally set civil cases for trial within one year of issuance of the docket control order, and Judge Gomez is known for ensuring the timely adjudication of complex civil disputes.  (*See* Ex. 1, Smyser Decl. at 3–4 (docket control orders entered by Judge Gomez); *id.* ¶¶ 3, 4; Ex. 3, Vote411 Voter Guide, http://onyourballot.vote411.org/race-detail.do?id=14133001 ("As a district court judge, I address these issues everyday by setting clear limits and deadlines, allowing counsel to appear by telephone as needed, encouraging the use of technology like Skype, supporting mediation, and getting parties to trial as soon as practicable.").)

Because the requirements of mandatory abstention are met, this Court should abstain and remand the Trustee's action to state court.

    **3.**    **Even if this Court concludes that it possesses jurisdiction and that mandatory abstention does not apply, this Court should  permissibly abstain from hearing this action under 28 U.S.C. § 1334(c)(1).**

---

[2] Federal Court Management Statistics—Profiles,  http://www.uscourts.gov/sites/default/files/ data_tables/fcms_na_distprofile0930.2016.pdf, at 36 (last visited Jan. 5, 2017).

"A court may abstain at its discretion from deciding either core or non-core proceedings under § 1334(c)(1) if the interests of justice, comity, or respect for state law so require." *Placid Oil Co. v. C.C. Abbitt Farms, LLC*, 2016 WL 6778384, at *6 (N.D. Tex. Nov. 14, 2016). Section 1334(c)(1)—which governs permissive abstention—provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1). "In evaluating permissive abstention, courts have developed a non-exclusive list of factors to be considered." *Kelly Grimsley*, 2016 WL 7326748, at *2. Those factors include:

> (1) effect or lack thereof on the efficient administration of the estate if the court recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other non-bankruptcy proceeding; (5) [j]urisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) possibility of prejudice to other parties in the action.

*In re Montalvo*, 559 B.R. at 839.

In this case, these factors either favor abstention and remand or are neutral.

Factor 1—bankruptcy estate administration—favors abstention and remand. On July 14, 2016, the bankruptcy court entered an order confirming Black Elk's amended liquidation plan.

Accordingly, "there is very little left of the bankruptcy proceeding with which to 'coordinate' this action" and the first factor "weigh[s] heavily in favor of remanding this action to state court." *J.T. Thorpe Co. v. Am. Motorists*, 2003 WL 23323005, at *6 (S.D. Tex. June 9, 2003).

Factor 2—state law issues—favors abstention and remand "as all claims in this suit are state law claims." *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014).

Factor 4—the presence of related state court or non-bankruptcy proceedings—favors remand. "Plaintiff[] initially sued the Defendants in Harris County District Court. This factor therefore favors abstention [and remand]," *In re SBMC Healthcare, LLC*, 519 B.R. 172, 191 (Bankr. S.D. Tex. 2014), as there are currently no related state court or non-bankruptcy proceedings.

Factor 5—jurisdictional basis—favors abstention and remand because "[t]here is neither diversity nor federal question jurisdiction. Federal jurisdiction is based solely on § 1334." *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. at 215–16.

Factor 6—degree of relatedness—favors abstention and remand. "Although the present action may be *related to* a title 11 bankruptcy case, it does not *arise under* title 11 or *arise in* a case under title 11 because the claims are purely of a state law nature. Therefore, the [sixth] factor and the degree of relatedness of this action to [Black Elk's] bankruptcy case weigh in favor of remand." *In re Montalvo*, 559 B.R. at 837. And because Black Elk's plan of liquidation has been confirmed by the bankruptcy court, "there is very little left of the bankruptcy proceeding with which to 'coordinate' this action" and the sixth factor "weigh[s] heavily in favor of remanding this action to state court." *J.T. Thorpe Co.*, 2003 WL 23323005, at *6. *See also Anderson v. Nissan Motor Acceptance Corp.*, 326 F. Supp. 2d 760, 767 (S.D. Miss. 2003)

13

("Here, the simple fact is, this cause is brought solely under state law, and would not be in federal court but for the bankruptcies of a few plaintiffs, and the claims of these plaintiffs relate to their bankruptcies only in the sense that their successful prosecution may increase the assets available for distribution to creditors.").

Factor 7—substance of the complaint—"strongly supports abstention and remand because this is not a core proceeding." *Special Value Continuation Partners, L.P. v. Jones*, 2011 WL 5593058, at *9 (Bankr. S.D. Tex. Nov. 10, 2011).  As explained in the mandatory abstention section above, the Trustee's claims for negligence, gross negligence, breach of fiduciary duty, and fraud are non-core claims.  In other words, these "are not the type [of claims] for which resolution by a bankruptcy court rather than a state court should be favored." *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. at 216.  *See also Special Value Continuation Partners*, 2011 WL 5593058, at *9 (finding that fraud and negligent misrepresentation claims between non-debtors were not the type of proceeding in which resolution by a bankruptcy court was favored over a state court).

Factor 8—feasibility of severance—also supports abstention and remand because "[i]t would not be problematic to sever this lawsuit from the core bankruptcy proceedings."  *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. at 216.  "Within the [Trustee's] lawsuit, there are no core matters." *Id.*  Moreover, the lawsuit "is based entirely on state law causes of action, and is based on events occurring prior to the bankruptcy proceedings." *Special Value Continuation Partners*, 2011 WL 5593058, at *9 (Bankr. S.D. Tex. Nov. 10, 2011).

Factor 9—the burden on this Court's docket—favors remand as "Texas has accumulated more empty seats on the federal bench than any other region," "each Texas vacancy is officially designated an emergency," and "[f]ederal judges in this region take on 139 more cases—

14

weighted by complexity—per year than are recommended by the judicial conference that sets policies across the country."   Gabrielle Banks, Texas Leads Nation in Federal Judicial Vacancies, Houston Chronicle, Dec. 20, 2016, http://www.houstonchronicle.com/news/houston-texas/houston/article/Texas-leads-nation-in-federal-judicial-vacancies-10810025.php.   Indeed, as the Chief Judge of the Southern District of Texas has observed regarding federal judges in Texas, [m]ost of us are working our judicial tails off."   *Id.*   Accordingly, factor 9 favors remand.   *See Anderson v. Nissan Motor Acceptance Corp.*, 326 F. Supp. 2d 760, 767 (S.D. Miss. 2003) ("Finally, the court notes that particularly in view of the court's already overburdened docket, the court cannot justify retention of jurisdiction in this case.").

Factor 10—forum shopping—favors abstention and remand.   Some courts have held that this factor is neutral because the removing party "has the right by statute to move [her] case from state court to federal court and, to the extent that there is forum shopping, it is of the type that has been explicitly endorsed by Congress."   *In re Montalvo*, 559 B.R. at 838.   However, those cases do not involve adversary proceedings brought by the debtor's litigation trustee in state court. Generally, bankruptcy jurisdiction is invoked by the debtor to provide for efficient management of bankruptcy estate resources and to ensure that rulings in adversary proceedings are not inconsistent with the bankruptcy court's rulings in the main case.   When the debtor's litigation trustee is the plaintiff—especially in adversary proceedings like the present one filed after confirmation of a liquidation plan and removed to, and currently proceeding in, district court rather than bankruptcy court—the purposes of bankruptcy jurisdiction are not served.   Under such circumstances, the plaintiff's choice of forum should be respected, as forum-shopping represents a removing defendant's only reason for defending against an adversary proceeding in federal court.

Factor 12—the presence of non-debtors in the action—favors abstention and remand. Though the Trustee is asserting claims derivative of Black Elk, all parties, including the eight defendants, are non-debtors. "Therefore, the presence of non-debtors in this action weighs in favor of remand to the appropriate state court under the [twelfth] factor." *In re Montalvo*, 559 B.R. at 837.

Factor 13—comity—"weighs heavily in favor of remand." *J.T. Thorpe Co.*, 2003 WL 23323005 at *7. "Section 1334(c) expresses a strong congressional desire that in respect to non-core proceedings the federal courts should not rush to usurp the traditional precincts of the state courts." *Id.* (citation and internal quotation marks omitted). Moreover, "[t]he federal court has not issued any rulings on any substantive matters" and "[m]ost importantly, all of the claims are state law claims which require only the application of state law." *Id. See also In re Enron Corp.*, 296 B.R. 505, 509 (C.D. Cal. 2003) ("Comity dictates that California courts should have the right to adjudicate the exclusively state law claims involving California-centric plaintiffs and California-centric transactions.").

Factor 3—the difficult or unsettled nature of applicable law—is, at this point in the proceedings, neutral. Because Piche removed this case to federal court soon after the Trustee commenced this action, it is unclear whether the Trustee's claims will involve difficult or unsettled issues of state law.

Factor 11—the existence of a jury trial—is neutral because the parties may obtain a jury trial in both state and federal court. *In re Houston Reg'l Sports Network*, 514 B.R. at 216. *See also J.T. Thorpe Co.*, 2003 WL 23323005, at *7 ("The parties would have access to a jury trial in either situation, so the eleventh factor also has no weight here.").

Factor 14—prejudice—is neutral as neither side would be prejudiced if this Court "rules against, or in favor of, abstention and remand." *Special Value Continuation Partners*, 2011 WL 5593058, at *10.

Because the permissive abstention factors either favor abstention and remand or are neutral, this Court should abstain under 28 U.S.C. § 1334(c)(1) and remand this action to state court.[3]

**4.    Piche removed this action without obtaining the consent of the other defendants.**

This case should be remanded to state court for the additional reason that Piche has not obtained the consent to removal of the other defendants.  Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of [Title 28]."  Though the Fifth Circuit has not addressed whether the consent of all defendants is required to properly remove a case under § 1452(a), some courts in

---

[3] For the same reasons, this action should also be remanded to state court under 28 U.S.C. § 1452(b).  Section 1452(b) provides for remand of a claim or cause of action removed under § 1452(a) "on any equitable ground."  28 U.S.C. § 1452(b).  "The statute thus provides 'an unusually broad grant of authority' to consider whether remand of any particular removed case is appropriate."  *In re Neel*, 554 B.R. 241, 246 (Bankr. D. Or. 2016) (citation omitted).  Equitable remand under § 1452(b) and permissive abstention under § 1334(c)(1) are evaluated based on the same factors.  *Orion Ref. Corp. v. Fluor Enterprises, Inc.,* 319 B.R. 480, 488–89 (E.D.La.2004) ("The factors that a district court considers to determine whether it should permissively abstain also support equitable remand under 28 U.S.C. § 1452.").  Piche may argue that removal serves judicial efficiency by ensuring that the court most knowledgeable regarding the underlying facts will hear the Trustee's adversary proceeding.  This argument would be unavailing as the state-court defendants have not unanimously consented to a jury trial before the bankruptcy court. *Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200, 206 (S.D. Tex. 2008). Moreover, the bankruptcy court likely lacks constitutional authority to enter a final judgment in this case.  *See In re BP RE, L.P.*, 735 F.3d 279, 285–86 (5th Cir. 2013).  Absent remand, the Trustee's adversary proceeding would thus proceed before this Court, which has no greater familiarity with the underlying facts than the state court from which the action was removed. There is no equitable reason for retaining this case in federal court.

the Fifth Circuit have held that the defendants' unanimous consent is required.[4]  Those courts have explained that "[r]equiring consent to removal from all defendants when one defendant seeks to remove the entire cause under § 1452(a) comports with the language of the statute," which allows a party to remove "any claim or cause of action in a civil action."  *Post Office Employees' Credit Union v. Lawyers Title Ins. Corp.*, 2010 WL 2836163, at *3 (E.D. La. July 16, 2010).  Unlike 28 U.S.C. § 1446—the general removal statute—§ 1452(a) "does not permit a party to remove the entire civil action."  *Id.*  Congress's distinction between removing a claim or cause of action and removing a civil action is significant.  As Judge Vance explained,

> if a party removes *a claim or cause of action* to federal court under 28 U.S.C. § 1452, that party need not obtain the consent of the other defendants.  If the other defendants do not seek removal, they remain in state court.  [But to] remove *the entire action* [under § 1452], there must be a jurisdictional basis in federal court as to each party, and each party must seek or consent to the removal of the claim.

*Orion Ref. Corp.*, 319 B.R. at 486–87 (emphases added).

Other courts, including in the Fifth Circuit, have held that the consent of all defendants is not required to remove an action under § 1452 "[b]ecause any one *party* may remove an action under § 1452."  *In re Guerrero*, 12-35341, 2013 WL 6834642, at *4 (Bankr. S.D. Tex. Dec. 20, 2013).  By focusing on the word "party," however, those courts ignore the subject of removal under § 1452—"any claim or cause of action."  Accordingly, "the better analysis is not to permit a single party to remove an entire civil action under Section 1452."  *Orion Ref.*, 319 B.R. at 486.

---

[4] *See, e.g., Post Office Employees' Credit Union v. Lawyers Title Ins. Corp.*, 2010 WL 2836163 at *2 (E.D. La. Jul. 16, 2010) (J. Lemmon); *Orion Refining Corp. v. Fluor Enter., Inc.*, 319 B.R. 480, 486–87 (E.D. La. 2004) (J. Vance); *Marshall v. Air Liquide—Big Three, Inc.*, 2007 WL 275898 (E.D.  La. Jan. 24, 2007) (J. Africk); *Whitney Nat'l Bank v. Bunch*, 2001 WL 87443, at *2, n. 9 (E.D. La. Jan.30, 2001) (J. Barbier); *Hills v. Hernandez*, 1998 WL 241518, at * 2 (E.D.La. May 12, 1998) (J. Clement); *CMH, Inc. v. Canal Place Mgmt.*, 1993 WL 70252, at * 2 (E.D. La. Mar. 10, 1993) (J. Sear).

Because Piche removed the Trustee's entire action to federal court without the consent of the other defendants, this Court should order remand.

### CONCLUSION

For the foregoing reasons, this Court should remand this action to the 129th Judicial District Court of Harris County, Texas.

Respectfully submitted,

By:  /s/  Craig Smyser

SMYSER KAPLAN & VESELKA, L.L.P.
Craig Smyser
Attorney-in-Charge
Texas Bar No. 18777575
Fed. Bar No. 848
csmyser@skv.com
700 Louisiana, Suite 2300
Houston, Texas 77002
713-221-2300
713-221-2320 (fax)

Of Counsel:

SMYSER KAPLAN & VESELKA, L.L.P.
Jeff Potts
Texas Bar No. 00784781
Fed. Bar No. 16504
Justin Waggoner
Texas Bar No. 24003122
Fed. Bar No. 23098
700 Louisiana, Suite 2300
Houston, Texas 77002
713-221-2300
713-221-2320 (fax)
jpotts@skv.com
jwaggoner@skv.com

OKIN ADAMS LLP
Matthew Okin
Texas Bar No. 00784695
Fed. Bar No. 15204
David Curry, Jr.
Texas Bar No. 24065107

19

Fed. Bar No. 975482
1113 Vine St., Suite 201
Houston, Texas 77002
713-228-4100
888-865-2118
mokin@okinadams.com
dcurry@okinadams.com

**ATTORNEYS FOR TRUSTEE**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Defendants and they do not agree to the relief requested.

_/s/ Craig Smyser_
Craig Smyser

## CERTIFICATE OF SERVICE

I certify that on January 6, 2017 a true and correct copy of the foregoing document has been served on all parties of record electronically through the Court's filing system and by certified mail and/or direct e-mail.

_/s/ Craig Smyser_
Craig Smyser